Michael J. McCue (Nevada Bar #6055)
LEWIS AND ROCA LLP
Suite 600
3993 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 949-8200 (tele)
(702) 949-8398 (fax)

Paul Richard Brown, WSBA No. 19,357
Richard R. Alaniz, WSBSA no. 26194
Black Lowe & Graham PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
(206) 381-3300 (tele)
(206) 381-3301 (fax)
(*Applications for Admission Pro Hac Vice to be Filed*)

Attorneys for Rock Industries, LLC

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

DISTRIC  CV-S-04-1170-RLH-PAL

| | |
|---|---|
| ROCK INDUSTRIES, LLC, a Washington limited liability company; and BRIAN ROCK, an individual,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>VOYAGERS NATIONAL INSURANCE COMPANY; JEFF J. POST and "JANE DOE" POST, and the marital community comprised thereof, MYVOPP; and AVANT INSURANCE MANAGERS, INC.,<br><br>　　　　　　　　Defendants. | **VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, TRADE SECRET MISAPPROPRIATION, UNJUST ENRICHMENT, CONVERSION, AND BREACH OF FIDUCIARY DUTY**<br><br>**JURY DEMAND** |

Plaintiff Rock Industries, LLC and Brian Rock, (collectively "Rock") allege the following causes of action against Defendant

42981.00019

## NATURE OF THE ACTION

This is an action for injunctive relief and monetary damages and arising out of Defendants' copyright infringement, breach of contract, trade secret misappropriation, unjust enrichment, conversion, and breach of fiduciary duty in which Defendants: (1) acknowledged exposure to and the gained benefit of knowledge of Plaintiffs' copyrighted original works of authorship; (2) acknowledged exposure to and gained the benefit of knowledge of Plaintiffs' trade secret business practices; (3) agreed not to share any such trade secrets with others; and (4) agreed not to use for their own benefit any of Plaintiffs' trade secrets or other intellectual property.

## JURISDICTION AND VENUE

1. This action arises, in part, under the copyright laws of the United States of America, 17 U.S.C. § 501 *et seq.* Original jurisdiction over the copyright claim is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338. Supplemental jurisdiction is conferred upon this Court over the remaining related state and common-law claims in that they are derived from a common nucleus of operative fact such that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

2. Defendants do business in this judicial district. In addition, Plaintiffs' claims are based on Defendants' wrongful actions, which occurred in large part in this judicial district. Plaintiffs' claims therefore arose from or are based in substantial part on defendants' conduct and course of dealings within this judicial district.

3. Plaintiffs' claims arose from and are based in substantial part on Defendants' conduct and course of dealings within the County of Clark, Nevada. In addition, Defendant Jeff Post is an officer and director of Voyagers National Insurance Company, a Nevada corporation and Defendant Avant Insurance Managers, Inc. Upon information and belief, Defendant Avant Insurance Managers, Inc. is doing business in Nevada. Accordingly, personal jurisdiction and venue are proper in this Court.

## PARTIES

4.   Plaintiff Rock Industries, LLC ("Rock Industries") is a Washington Limited Liability Company having a place of business in Bellevue, Washington. Rock Industries markets and sells insurance policies and related products for time-share property holders throughout the United States.

5.   Plaintiff Brian Rock is the managing member of Rock Industries and sole inventor of the technology that is the subject of this complaint.

6.   Defendant Voyagers National Insurance Company is a Nevada corporation, residing at 1120 Shadow Lane, Suite D, Las Vegas, Nevada 89102. Defendant Voyagers National Insurance Company provides travel insurance policies and related services.

7.   Defendant Avant Insurance Managers, Inc., is a California corporation residing at 360 N. Sepulveda Blvd. Los Angeles, CA 90045. Upon information and belief, Defendant Avant Insurance Managers, Inc. is doing business in Nevada, actively marketing to sell insurance policies without authorization.

8.   Defendants Jeff Post, and "Jane Doe" Post, dba MyVOPP.com are individuals residing at 844 California Street, Torrance, California. Defendant Post is an officer and director of Defendants Voyagers National Insurance Company and Avant Insurance Managers, Inc.

9.   MyVOPP.com is believed to be a dba for Defendant Post, under that dba, the Defendants operate business via MyVOPP.com.

10.   Upon the information and belief, Voyagers National Insurance Agency, MyVOPP.com and Avant Insurance Managers, Inc. are under the direction and control of Mr. Jeff Post.

11.   Unless otherwise noted, all Defendants will be referred collectively as "Defendants."

12.   All acts performed by the individual defendants were done for the benefit of all, therefore each defendant is jointly and severally liable for the conduct of the others. Defendant Post is an officer and director of Voyagers National Insurance Company and Avant Insurance Managers, Inc. Post is directly responsible for controlling all aspects of the business affairs of

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

42981.00019

38946.1

defendants, Voyagers National Insurance Agency, MyVOPP.com and Avant Insurance Managers, Inc.

## GENERAL ALLEGATIONS

### A. ROCK INDUSTRIES' BUSINESS AND PROPRIETARY INFORMATION

13. Rock Industries conceived a unique and proprietary insurance concept never before offered in the insurance industry by developing a novel insurance product for the vacation travel industry. The new product was called VacationGuard™.

14. Rock Industries treats the VacationGuard™ concept as proprietary and confidential.

15. Rock Industries' VacationGuard™ trade secrets includes a method with process related to consumer insurance, travel insurance, travel assistance that has been specifically deigned and written for Timeshare/Vacation Ownership, use, or rental. It comprises a method system using hardware, unique software programming, database, manuscript and standard insurance policy wording, for representing, evaluation, servicing and/or providing a consumer insurance and travel insurance product specific to the insurance demands of Timeshare/Vacation Ownership. This product has never before been available nor bundled into a single system.

16. On November 21, 2003 date, after years of research and development, Rock Industries filed a patent application titled INSURANCE COVERAGE SYSTEM AND METHOD covering, in part, the above proprietary information

17. Rock Industries' system has been developed and tailored to the unique needs of vacation time-share property holders. If wrongfully appropriated, this system and information could easily be exploited by Rock Industries's competitors and provide them with a competitive advantage over Rock Industries. Rock Industries system along with its client and vendor databases, form an extremely valuable asset of Rock Industries. Rock Industries' Proprietary Information is not known or readily ascertainable outside of Rock Industries. Rather, it is maintained in confidence by Rock Industries

18. Rock Industries has adopted a program to protect its Proprietary Information and safeguard against unfair competition. As a condition of obtaining a information or a contract

from Rock Industries, defendants implicitly agreed not to use any Rock Industries Proprietary Information, and agreed not to compete with Rock Industries by improperly using Rock Industries' Proprietary Information.

19. Rock Industries obtained a copyright registration for this proprietary and confidential system, Registration No. TXu1-172,685, effective October 31, 2003.

20. Rock Industries has a pending trademark application for the mark VACATIONGUARD™ Serial No. 7853860 filed on May 23, 2003; and a pending trademark application for the mark VACATIONGUARD VACATION PIECE OF MIND with DESIGN Serial No. 78375699 filed on February 27, 2003.

21. Rock Industries has a pending patent application filed on November 21, 2003.

**B. ROCK INDUSTRIES' BUSINESS RELATIONSHIP WITH DEFENDANTS**

22. On or about April 11, 1999, Brian Rock ("Rock") met Jeff Post ("Post") while attending a conference in Florida.

22. During the course of the April 11th meeting, Rock explained to Post that he had a concept for a new insurance product, but because his current employer would not support the idea, Rock had obtained the approval to pursue his idea on his own. The employer and Rock both acknowledged that the product Rock wanted to develop was unrelated to the employer's business.

23. Post told Rock that certain technical parts of a web infrastructure already been built for a former client, and re-use of that content would expedite the release of Rock's product. The two then further agreed to meet shortly thereafter in Los Angeles to discuss implementation Rock's product concept.

24. On or about April 21, 1999 Rock met Post in Los Angeles to discuss the product concept implementation. At that meeting Rock told Post that he was in the process of developing, and had begun work on a proprietary new travel policy unique for Timeshare/Vacation Ownership and suggested Post would host the web site for the marketing and sale of Rock's proprietary product.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

42981.00019

38946.1

25. Shortly thereafter Rock alone began preparing materials and gathering resources to implement the new product concept including preparing all marketing concepts, developing market positioning, researching contacting opportunities, developing actuarial tables, creating rating concepts, and coverage attorney vetting for the new product. Rock alone prepared all advertising and marketing materials, and developed and created the trademarks and service marks "TRIP," "TOP," "VOPP," "MYVOPP," and "VacationOwners Club."

26. Between June 1999 through December 2003, Rock and Post met a number of times in various locations to discuss Rock's Proprietary Information and a potential business relationship between the parties.

27. During that period Rock continually worked on and improved his product concept and shared that product concept and the status of development with Post, with the express intention that the product concept would remain confidential and proprietary exclusively to Rock.

28. During that period Post repeatedly promised Rock that he and Rock would form a business relationship based on Rock's product and Post's ability to build a web site for delivery of the product.

29. Rock would not have divulged any proprietary information to Post had Post not represented on numerous occasions that the two would form a business relationship with Rock maintaining control over his Proprietary Information.

30. Post made no contributions, conceptually or financially, to the development of the business or to any of Rock's Proprietary Information.

31. The only means Post had to obtain specifics about Rock's Proprietary Information was directly from Rock.

32. On March 31, 2002 Rock Industries was formed as a Washington Limited Liability Company for the purpose of exploiting Rock's Proprietary Information, independent of Post's involvement.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

42981.00019

38946.1

33. On November 4, 2003, Post unexpectedly sent to Rock a letter expressly providing that no relationship ever existed between Post and Rock and that each party was to go his own way.

34. On July 29, 2004 Rock discovered that Post had, illegally and without permission, begun exploiting Rock's and Rock Industries' Proprietary Information via the web site www.myvopp.com and www.avantmanagers.com, including copying verbatim or with substantial similarity Proprietary Information of Rock Industries.

35. On August 16, 2004, Rock requested in writing Post and his companies cease this improper and illegal activity. Post refused Rock's request.

36. Upon information and belief Defendant Voyagers National Insurance Company, was formed to handle the illegal and improper exploitation of Rock's Proprietary Information.

37. During the course of meeting with Rock Industries, Defendants had access to and used Rock Industries' Proprietary Information including but not limited to Rock Industries' copyrighted insurance policy, its trademarks and the technology for the new product. Defendants' access to and use of Rock Industries' Proprietary Information enabled it to successfully launch a business operating via a web site that is in direct competition with a web site to be shortly launched by Rock Industries.

38. Rock Industries has not consented in any form to Defendants' use of Rock Industries' Proprietary Information. Defendants' actions have and will continue to cause irreparable harm to Rock Industries.

## COUNT I
## COPYRIGHT INFRINGEMENT

39. Rock Industries realleges the preceding paragraphs of this complaint.

40. Rock Industries has developed and prepared written materials related to an insurance policy for the Timeshare/Vacation Ownership industry. Rock Industries has also created marketing, sales and product materials that it has used successfully to promote its unique product. The insurance policy, and other related materials, created and used by Rock Industries, constitute original works protected under the copyright laws of the United States. Rock

Industries, has complied in all respects with Title 17 of the United States Code and all other laws governing copyrights and has secured the exclusive rights and privileges in and to the copyrights.

41. Rock Industries has at all times relevant been and continues to be the sole proprietor of all right, title, and interest in and to these copyrights.

42. On information and belief, Defendants have, in the course of conducting their business, infringed and continue to infringe Rock Industries' copyrights. Defendants have, without authorization, obtained these materials and have recreated and used Rock Industries' copyrighted works to promote and present competing insurance products. Defendants had access to Rock Industries' copyrighted materials while exploring a business relationship with Rock Industries. Defendants' infringing activities were and are deliberate, knowing, willful, malicious, and designed to provide defendants with an economic advantage over Rock Industries.

43. Defendants' actions constitute copyright infringement in violation of 17 U.S.C. § 101 *et seq.*

## COUNT II
## BREACH OF ORAL CONTRACT

44. Rock Industries realleges the preceding paragraphs of this complaint.

45. Defendant Post is contractually bound by his oral agreements to not use Rock Industries' Proprietary Information for his own benefit.

46. Post acted on behalf of and to the benefit of all defendants, binding those defendants as well to Post's promises. The terms of these agreements were adequately negotiated and sufficient consideration was provided for the terms agreed to therein. Rock Industries performed all conditions, covenants and promises required to be performed in accordance with the terms and conditions of the agreements.

47. Rock Industries by using and sharing Rock Industries' Proprietary Information.

48. Defendants have intentionally and willfully breached their agreements with Rock Industries and caused direct and proximate injury to Rock Industries.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

42981.00019

38946.1

## COUNT III
## MISAPPROPRIATION OF TRADE SECRETS

49.   Rock Industries realleges the preceding paragraphs of this complaint.

50.   Rock Industries' Proprietary Information, including its VacationGuard™ product, constitutes a trade secret under the Nevada Trade Secrets Act. By virtue of the oral agreements and course of conduct between the parties, defendants have admitted to the existence of Rock Industries' Proprietary Information and the restriction against their use of that information. Rock Industries' Proprietary Information contains information that derives substantial independent economic value from not being generally known, and not being readily ascertainable by others through proper means. At all relevant times, Rock Industries has exerted and continues to exert reasonable efforts to maintain its Proprietary Information confidential, including by use of confidentiality and restricted use agreements with its vendors.

51.   Defendants willfully and maliciously misappropriated trade secrets of Rock Industries, and have used and continue to use misappropriated trade secret information in violation of N.R.S. § 600A.030 *et seq.*

## COUNT IV
## UNJUST ENRICHMENT

52.   Rock Industries realleges the preceding paragraphs of this complaint.

53.   Rock Industries, by gains, profits, and advances by the use of Rock Industries Proprietary Information, in violation of the parties' agreements.

## COUNT V
## CONVERSION

54.   Rock Industries realleges the preceding paragraphs of this complaint.

55.   Defendants did appropriate and use Rock Industries Proprietary Information for gains, profits, and advances without permission of Rock Industries, depriving Rock from the sole use and enjoyment of that property.

56.   Defendants knew they possessed Rock Industries Proprietary Information and did cause in fact the appropriation of the Proprietary Information belonging to Rock Industries.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

42981.00019

38946.1

## COUNT VI
### BREACH OF FIDUCIARY DUTY

57. Rock Industries realleges the proceeding paragraphs of this complaint.

58. Defendant Post occupied a position of confidence and trust with respect to his professional relationship with Rock.

59. Post's actions were for the benefit of all defendants, binding those defendants as well to Post's promises.

60. As a result of Post's position of confidence and trust, Rock understood that Post was a fiduciary who would at all times act in the best interests of Rock with respect to Rock's Proprietary Information.

61. As a fiduciary, Post had a duty to refrain from seeking selfish benefit during the relationship, and to act at all times in the best interests of Rock.

62. Post breached that fiduciary duty owed to Rock by illegally misappropriating Rock's Proprietary Information for his own benefit.

63. Post's actions have caused damage to Rock while there is no adequate remedy at law for such harm, unless Post is enjoined by this Court, Post will continue to breach his duties owed to Rock, causing still further injury.

### PRAYER FOR RELIEF

WHEREFORE, Rock Industries prays for the following alternative and cumulative relief:

1. A preliminary and permanent injunction, enjoining defendants, and all officers, agents, affiliates, employees, representatives, and all persons in active concert or participation with any of them, from use of Rock Industries Proprietary Information.

2. An order for seizure to recover, impound, and destroy all Rock Industries Proprietary Information, including any written or digitally maintained materials defendants may possess or have under their control, or under the control of any of defendants' respective officers, agents, servants, employees, attorneys, or any other person acting in concert or participation with defendants.

3. An order requiring defendants to file with this Court and serve on Rock Industries, within 30 days of service of this order, a report in writing under oath setting forth in

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

42981.00019

58948.1

detail the manner and form in which defendants have complied with the terms of the ordered relief.

4. An order requiring defendants to account to Rock for any and all uses and any and all profits derived by defendants from the sale and use of Rock's work and for all damages sustained by Rock by reason of said acts of infringement.

5. Damages in an amount sufficient to compensate Rock Industries for all injury sustained as a result of defendants' wrongful activities, and to account for and pay over to Rock Industries all gains, profits and advances derived from the use of Rock Industries Proprietary Information, in violation of the parties' agreements.

6. Awarding Rock damages as well as defendants' revenues and profits attributable to the infringements under 17 U.S.C. § 504(b) or, in the alternative, as Rock may elect, the maximum allowable statutory damages of $150,000.00 for each infringing act under 17 U.S.C. § 504(c).

7. Awarding all of Rock Industries' litigation expenses, including reasonable attorneys' fees and costs.

8. Such other and further relief as the Court may deem just.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury of all issues so triable in this matter, under the provisions of Rule 38(b) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this ___ day of August, 2004.

LEWIS AND ROCA LLP

By: _____
Michael J. McCue (NV Bar #6055)
Suite 600
3993 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 949-8200 (tele)
(702) 949-8398 (fax)

1  AND

2  BLACK LOWE & GRAHAM^PLLC
   Paul Richard Brown, WSBA No. 19,357
3  Richard R. Alaniz, WSBSA No. 26,194
   701 Fifth Avenue, Suite 4800
4  Seattle, WA 98104
   (206) 381-3300 (tele)
5  (206) 381-3301 (fax)
   (*Applications for Admission Pro Hac Vice*
6  *to be Filed*)

7  Attorneys for Rock Industries, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

42981.00019

38946

## VERIFICATION

BRIAN ROCK declares under penalty of perjury that he has read the foregoing allegations, and states that the same are true and correct to the best of his knowledge.

This 23 day of August, 2004

_____
BRIAN ROCK

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES- 13
ROCK-6-1002P01CMP